IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


MACK ELLIS AND NIKKI ELLIS                                              PLAINTIFFS


V.                              CASE NO. 4:08-CV-04026


W.O. SEALE D/B/A "SEALE MARINE"                                         DEFENDANT/
                                                                        THIRD-PARTY PLAINTIFF

V.

LLOYD'S MARKET ASSOCIATION A/K/A
AND D/B/A "LLOYD'S OF LONDON,"
FIRSTCITY PARTNERSHIP LIMITED,
MACLEAN ODDY & ASSOCIATES, INC.,
AND CUNNINGHAM LINDSEY U.S., INC.              THIRD-PARTY DEFENDANTS


MEMORANDUM OPINION

Plaintiffs Mack and Nikki Ellis filed a complaint against Defendant W.O. Seale d/b/a "Seale Marine" alleging negligent transportation of an interstate shipment. (Doc. 1). This matter is now before the Court on Defendants Lloyd's of London and W.O. Seale's joint Motion for Summary Judgement against Plaintiffs Mack and Nikki Ellis. (Doc. 41). Plaintiffs have responded. (Doc. 62). The Court finds this matter ripe for consideration.

BACKGROUND

In September 2005, Plaintiffs contracted with Defendant W.O. Seale d/b/a "Seale Marine" to transport their recently purchased houseboat from a marina in Lewisville, Texas to Mountain Home, Arkansas. Seal Marine transported Plaintiffs' 64' boat to Mountain Home on a 50' trailer.

1

Upon delivery of the boat on October 2, 2005[1] and placing the boat in the lake, Plaintiffs discovered that the boat was taking on water and were forced to immediately remove it from the lake. An inspection uncovered damage to the bottom of the boat in the area of the master state room. More specifically, the bottom of the boat had "folded up" causing the leakage. Plaintiffs contend that this damage to the boat occurred while it was in transit from Texas to Arkansas because a large portion of the boat extended beyond the substantially shorter trailer that was being used to transport it.

After discovering the damage, Seale Marine, at the request of Plaintiffs, transported the boat to Don's Welding in Mountain Home, presumably for repairs. As of June 3, 2011, the boat remained at Don's Welding and had not undergone full repair (Doc. 41, Exh. 4). There appears to be no official repair estimate for damages that Plaintiffs allege to have occurred as a result of Seale Marine's transportation of the boat to Arkansas. However, Plaintiffs did obtain a survey conducted by Linck Marine Surveying to determine the extent of the damage allegedly caused by Seale Marine. (Doc. 62, Exh. 6). In relevant part, the report stated that, "[t]he damage occurred during the transport of this boat from Texas to Arkansas. If the trailer had been built to support the full length, or very close to the full length of this boat, it is the opinion of this surveyor that this damage would not have occurred." (Doc. 62, Exh. 6).

Plaintiff Mack Ellis testified in his deposition that his first written correspondence with Seale Marine regarding a claim for damages, prior to filing suit, was in the form of a demand letter drafted

---

[1] There appears to be some confusion as to the date of delivery. Defendants state in their Motion for Summary Judgment that the date of delivery was September 3, 2005. Plaintiffs contend that the delivery date was August 31, 2005 in their Reply to Defendants' Motion for Summary Judgment and October 2, 2005 in their Complaint. For purposes of this opinion, viewing the conflicting facts in the light most favorable to Plaintiffs, the Court will assume an October 2, 2005 delivery date. However, it should be noted that applying the other potential delivery dates would not change the outcome of the Court's decision or its analysis.

and mailed to W.O. Seale by his former attorney, Roger Colbert, on October 13, 2006. (Doc. 62, Exh. 3). This letter included the damage report by Linck Marine Surveying, however, no specific sum for repairs was requested. While this appears to have been the first written correspondence, Plaintiffs maintain that there were repeated attempts to contact W.O. Seale via telephone over a significant period of time and that W.O. Seale was aware of his liability for any repairs at the time Seale Marine transported the boat to Don's Welding in October 2005.

On February 20, 2007, Plaintiffs filed a lawsuit against W.O. Seale d/b/a Seale Marine in Craighead County, Arkansas Circuit Court alleging negligent transport of Plaintiffs' boat. This suit was dismissed without prejudice on February 26, 2009 for failure to prosecute. The present suit was filed April 3, 2008, prior to the state court dismissal.

## STANDARD OF REVIEW

The standard of review for summary judgment is well established. Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 202 (1986). In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *See Nitsche v. CEO of Osage Valley Elec. Co-Op.*, 446 F.3d 841 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747

(8th Cir. 1996). Genuine issues of material fact exist when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. A party opposing a motion for summary judgment "may not rest upon mere allegations or denials . . . but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

## DISCUSSION

The Carmack Amendment to the Interstate Commerce Act imposes liability on common carriers for the actual loss of or damage to shipments in interstate commerce. 49 U.S.C. § 14706(a)(1). Any potential state law claims alleging negligence in performance of an interstate shipment contract are preempted by the Carmack Amendment. *Fulton v. Chocago, Rock Island & P.R. Co.*, 481 F.2d 326, 331 (8th Cir. 1973). It is undisputed that Plaintiffs contracted with Seale Marine to ship their boat from Texas to Arkansas, an interstate shipment in which damage to the boat is alleged to have occurred, thereby bringing this cause of action within the purview of the amendment.

Section (e) of the Carmack Amendment provides that "[a] carrier may not provide by rule, contract, or otherwise, a period of less than nine months for filing a claim against it under this section and a period of less than two years for bringing a civil action against it under this section." 49 U.S.C. § 14706(e). The bill of lading executed by the parties that governed the transportation from Texas to Arkansas provides as follows:

> "Claims against the carrier [Seale Marine] for loss or damage to the Property must be filed in writing with the carrier issuing this bill of lading within nine months after delivery of the Property ... If your claim or action is not filed or instituted properly in accordance with the foregoing provisions, the carrier shall not be liable and such claims may not be paid." (Doc. 41, Exh. 7).

4

The contractual language above clearly provides that a written claim made within 9 months of the date of delivery (October 2, 2005) would be required in order for Plaintiffs to recover any potential damages from Seale Marine stemming from the shipment of the boat. Therefore, the central issue in the present case is whether Plaintiffs complied with this written claim requirement.

*1. Plaintiffs' October 2006 demand letter and subsequent lawsuits*

Plaintiffs' former attorney, Roger Colbert, sent a demand letter to W.O. Seale on October 13, 2006. Plaintiff Mack Ellis testified in his deposition that this was the first written correspondence that he had with W.O. Seale. This letter informed W.O. Seale that Plaintiffs held him responsible for damages sustained in moving the boat from Texas to Arkansas. The letter also included the damage report by Linck Marine Surveying. No specific estimate of damages was stated in the letter. Upon receiving no response, the previously mentioned state lawsuit was filed in 2007.

The Court finds it unnecessary to address whether the demand letter or the subsequent complaint would meet the technical requirements of a "written claim." The contractual language in the bill of lading explicitly provides that a written claim must be filed within 9 months of delivery. The letter to W.O. Seale was sent more than12 months after the October 2, 2005 delivery of the boat, and the complaint was filed more than 16 months after delivery. Therefore, neither of these writings are within the clearly established time requirement allowed by the Carmack Amendment.

*2. Notations on the Bills of Lading and W.O. Seale's alleged knowledge of potential liability*

Plaintiffs claim that Seale Marine was aware of the damage done to the boat in transit from Texas to Arkansas and accepted responsibility for this damage upon delivery. Plaintiffs cite the original bill of lading as evidence of this acknowledgment. Plaintiff Mack Ellis made a notation on the bill stating that he had spoken to W.O. Seale and that Seale agreed to pay $200.00 in welding

5

repairs. (Doc. 41, Exh. 7). The second delivery of the boat, from the lake in Mountain Home to Don's Welding, was done free of charge by Seale Marine. Plaintiffs point to this as further proof of Seale's knowledge of their potential liability. Additionally, Plaintiff Mack Ellis noted on this second bill of lading that the boat was being moved to Don's Welding "due to damage done on [the] initial move by this company (Seale Marine)...." (Doc. 41, Exh. 7). Defendant W.O. Seale contends that he was not aware that he was being held liable for the alleged damage to the boat until he was served with notice of the first lawsuit in 2007.

Viewing the facts in the light most favorable to Plaintiffs and assuming that W.O. Seale had actual knowledge of his potential liability for damage to the boat, Plaintiffs have nonetheless failed to comply with the written claim requirements of the Carmack Amendment.

The Interstate Commerce Commission has issued regulations that govern the minimum standards of written claims for damages against a carrier who has transported goods interstate. 49 C.F.R. § 1005.2(b) provides in relevant part:

> "(b) Minimum filing requirements. A written or electronic communication (when agreed to by the carrier and shipper or receiver involved) from a claimant, filed with a proper carrier within the time limits specified in the bill of lading or contract of carriage or transportation and: (1) Containing facts sufficient to identify the baggage or shipment (or shipments) of property, (2) asserting liability for alleged loss, damage, injury, or delay, and (3) making claim for the payment of a specified or determinable amount of money, shall be considered as sufficient compliance with the provisions for filing claims embraced in the bill of lading or other contract of carriage..."

While these notations by Plaintiff Mack Ellis on the bills of lading arguably address the first two requirements by identifying the shipment at issue and asserting liability, Plaintiff did not at that time, nor has he ever, made a claim for payment of a specified or determinable amount of money stemming from the alleged damage to the boat. Furthermore, 49 C.F.R. § 1005.2 (c) explicitly states

that notations or reports of damage on a bill, like the ones made by Plaintiff, do not satisfy the written claim requirement:

> (c) Documents not constituting claims. Bad order reports, appraisal reports of damage, notations of shortage or damage, or both, on freight bills, delivery receipts, or other documents, or inspection reports issued by carriers or their inspection agencies, whether the extent of loss or damage is indicated in dollars and cents or otherwise, shall, standing alone, not be considered by carriers as sufficient to comply with the minimum claim filing requirements specified in paragraph (b) of this section.

It must also be noted that actual knowledge of damages on the part of Seale Marine does not overcome the written claim requirement. On many occasions, the Supreme Court has noted that a proper written claim is an indispensable requirement if provided for in a shipment contract. *St. Louis, I.M. & S. Ry. Co. v. Starbird*, 243 U.S. 592 (The Court held oral notice to be insufficient, stating that some kind of writing had to be given); *Southern Pacific Company v. Stewart*, 248 U.S. 446 (The carrier had full notice of shipment damage and communicated daily with the shipper. The Court held for the carrier because no written claim was filed within the contractual period); *See also Perini-North River Assoc. v. Chesapeake & O. Ry. Co.*, 562 F.2d 269, 273 (3d Cir.1977) ("We do not question the accepted rule that actual knowledge on the part of the carrier cannot substitute for the written notice required by a bill of lading."); *Atchison, Topeka & Santa Fe Ry. Co. v. Littleton Leasing Co.*, 582 F.2d 1237, 1240 (10th Cir.1978) ( "[A]ctual knowledge on the part of the carrier's employees would not dispense the requirement of notice of claim in writing.").

Plaintiffs' October 2006 letter and 2007 state court complaint clearly fell outside of the nine month time period allowed for filing a written claim with Seale Marine. Furthermore, the written notations on the two separate bills of lading within the nine month period simply do not meet the 49 C.F.R. § 1005.2 (b) and (c) minimum requirements for qualification as a written claim. The

Supreme Court, in *Chesapeake & Ohio Ry. Co. v. Martin*, 283 U.S. 209, 222 (1931) stated that to permit noncompliance with the written notice requirement, like the one found in the bill of lading between Plaintiffs and Seale Marine, "would be to alter the terms of a contract, made in pursuance of the Interstate Commerce Act and having, in effect, the quality of a statute of limitation...." The Court cannot and will not alter the terms of the contract between the parties, therefore, summary judgment in favor of Defendant W.O. Seale and Third-Party Defendant Lloyd's of London is appropriate as to Plaintiffs' negligence claims. In light of this decision regarding the absence of a proper written claim, it is unnecessary for the Court to address Defendants' statute of limitation concern.

## CONCLUSION

For the reasons state above, the Court finds that the joint motion for summary judgment (Doc. 41) is GRANTED. Plaintiffs' claims against Defendant W.O. Seale are dismissed with prejudice. An order of even date, consistent with this opinion, shall issue.

IT IS SO ORDERED, on this 29th day of August, 2011.

          /s/ Harry F. Barnes
          Hon. Harry F. Barnes
          United States District Judge