IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MACK ELLIS AND NIKKI ELLIS                                         PLAINTIFFS

V.                              CASE NO. 4:08-CV-04026

W.O. SEALE D/B/A "SEALE MARINE"                                   DEFENDANT/
                                                          THIRD-PARTY PLAINTIFF

V.

LLOYD'S MARKET ASSOCIATION A/K/A
AND D/B/A "LLOYD'S OF LONDON,"
FIRSTCITY PARTNERSHIP LIMITED,
MACLEAN ODDY & ASSOCIATES, INC.,
AND CUNNINGHAM LINDSEY U.S., INC.          THIRD-PARTY DEFENDANTS

MEMORANDUM OPINION and ORDER

Plaintiffs Mack and Nikki Ellis filed a complaint against Defendant W.O. Seale d/b/a Seale

Marine ("Seale") alleging negligent transportation of an interstate shipment. (Doc. 1).  Seale then

filed a complaint against Third-Party Defendants Lloyd's Market Association d/b/a Lloyd's of

London, FirstCity Partnership Limited, Maclean Oddy & Associates, Inc., and Cunningham Lindsey

U.S., Inc. (collectively "Underwriters") alleging breach of contract and negligence in failing to

defend and/or indemnify Seale against the Ellises' claims.  (Doc. 21).  On August 29, 2011, the

Court dismissed the Ellises' claims against Seale.  This matter is now before the Court on

Underwriters' summary judgment motion against Seale. (Doc. 38).  Seale has responded. (Doc. 45).

Underwriters have filed a reply.  (Doc. 49).  The Court finds this matter ripe for consideration.

The standard of review for summary judgment is well established.  Under Rule 56(c) of the

Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions,

1

answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 202 (1986).  In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party.  *See Nitsche v. CEO of Osage Valley Elec. Co-Op.*, 446 F.3d 841 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  *See Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996).  Genuine issues of material fact exist when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249.   A party opposing a motion for summary judgment "may not rest upon mere allegations or denials . . . but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

Underwriters move for summary judgment on two issues:  (1) whether they have an obligation to indemnify Seale and (2) whether they have a duty to defend Seale.  At all times relevant to this lawsuit, Seale was insured by Underwriters under a policy of insurance issued to Seale for a period of one year from March 27, 2005.  Underwriters agreed to provide coverage to Seale for specific losses if certain conditions precedent were met.  One such condition precedent was a notice requirement.  Underwriters argue that summary judgment should be granted in their favor because Seale did not comply with the policy's notice requirement and thus Underwriters are not required to provide coverage.  The Court finds that the indemnity issue is now moot.  On August 29, 2011,

the Court dismissed the Ellises' claims against Seale, finding that the Ellises' claims were untimely and that Seale is not liable for any loss.  Because Seale faces no liability in the lawsuit between him and the Ellises, neither do Underwriters.

The second issue is whether Underwriters have a duty to defend Seale in the lawsuit brought against him by the Ellises.  Underwriters argue that they are entitled to summary judgment on this issue because the insurance policy at issue provides no duty to defend.  The pertinent policy language states, "If legal proceedings be taken to enforce a claim against the Insured ... the Underwriters reserve the right at their option ... to conduct and control the defense on behalf of and in the name of the Insured."  According to Underwriters, the policy gives them a discretionary option to defend rather duty to defend.  The Court tends to agree with Underwriters that the plain language of the policy states that they can choose whether or not they will defend the insured in a legal proceeding. Seale offers no argument to the contrary.  In fact, Seale fails to address this issue at all in his summary judgment response.  Accordingly, the Court finds that summary judgment in favor of Underwriters on this issue is proper.

.

CONCLUSION

For the reasons stated above, the Court finds that Underwriters' summary judgment motion is DENIED AS MOOT as to the indemnity issue and GRANTED as to the duty to defend issue.  Accordingly, Seale's claims against Third-Party Defendants are dismissed.

IT IS SO ORDERED, on this 30th day of August, 2011.

/s/ Harry F. Barnes
Harry F. Barnes
United States District Judge

3